**HEDGPETH v. GARTMAN et al.**

**No. 2148.**

Court of Civil Appeals of Texas. Waco.

Oct. 26, 1939.

Rehearing Denied Feb. 15, 1940.

For opinion of Supreme Court, see 135 S.W.2d 86.

Allen & Allen, of Hamilton, for plaintiff in error.

Eidson & Gordon, of Hamilton, for defendants in error.

GALLAGHER, Chief Justice.

This suit was instituted by appellant, Tom Hedgpeth, in the district court of Hamilton county to recover of appellees, L. J. Gartman and J. Garvey, damages for the publication of an alleged libelous article concerning appellant. Appellant alleged that said article was published for three consecutive weeks in the Hamilton County News, a newspaper published in said county. Said article was as follows:

"Notice to the Public

"This is to notify the public that Tom Hedgpeth is no longer connected with J. Garvey Home Appliance Store. Pay all money due on merchandise purchased from this company to L. J. Gartman or J. Garvey.

"J. Garvey Home Appliance Store."

Appellant alleged, in substance, that appellees Gartman and Garvey were engaged in the business of selling refrigerators and other patented machinery for use in homes, and were conducting said business under the trade name of Garvey Home Appliance Store; that for several months he had been employed by said appellees to sell refrigerators and had not been discharged at the time of the first publication of said notice, nor had he at that time been advised of any dissatisfaction with his services; that in fact no money owing to appellees had ever been paid to anyone but them and that it had never been his duty to collect nor had he theretofore collected or attempted to collect any money due and owing to them; that appellees caused the publication of said notice; that by the language used therein they meant and intended to mean and to charge that appellant was unreliable and untrustworthy as an employee and dishonest to the extent that he would solicit the payment of money due appellees or receive same if tendered to him after his employment had ceased and would not account therefor to them; that such implied accusation was falsely and maliciously made and tended to impeach his honesty, integrity and reputation. Appellant further alleged that as a result of the publication of said notice he had been damaged in his good name and reputation, had suffered and would continue to suffer intense mental pain, anguish,

humiliation, mortification and financial loss and injury, to his damage in the sum of $5,000.

Appellees presented a general demurrer to appellant's petition, which was sustained by the court. Appellant declined to amend and prosecuted an appeal to this court.

 Appellant's allegations, when assailed by general demurrer, must be accepted as true. Appellees, in their brief, present each of the two sentences contained in said publication separately and insist that neither of them tends to impeach appellant's honesty and integrity or to affect his good name or reputation, and that said publication was not therefore libelous. The general rule of law in this state is that in determining whether a writing or publication is defamatory in character, the language used therein must be considered as a whole and in the light of all pertinent facts and circumstances alleged in connection therewith. R.S., Art. 5430; 27 Tex.Jur., p. 610, sec. 14; Clark v. Bohms, Tex.Civ.App., 37. S.W. 347, pars. 1 to 3; Moore v. Leverett, Tex.Com.App., 52 S. W.2d 252, 255, pars. 6 et seq, and authorities there cited; Great Atlantic & Pacific Tea Co. v. Harris, Tex.Civ.App., 75 S.W. 2d 974, par. 1; Guisti v. Galveston Tribune, 105 Tex. 497, 150 S.W. 874, pars. 1 to 4. When both sentences of said publication are considered together in the light of appellant's allegations by way of inducement and innuendo, it appears that they are intimately connected, and we think it might reasonably be inferred by a jury trying the case that the publication was based on the severance of business relations between appellant and appellees and a supposed necessity on appellees' part resulting therefrom to warn the public against paying their outstanding indebtedness to appellant. It is a well known fact that equivocal language is often employed to convey a sinister meaning in order that the party or parties using the same may claim an innocent purpose if their motive is questioned. Where language can have an innocent or a defamatory meaning, and the plaintiff, by inducement and innuendo, alleges extraneous facts from which it may be reasonably inferred that a defamatory meaning was intended, the issue of a proper construction of such language becomes one of fact and a general demurrer will not lie. Defendant's recourse in such an event is by trial of the facts. 27 Tex.Jur., pp. 734 et seq., secs. 77 and 78; Moore v. Leverett, Tex.Com.App., 52 S.W.2d 252,

255, pars. 9 and 10, and authorities there cited; Guisti v. Galveston Tribune, 105 Tex. 497, 150 S.W. 874, 878, par. 9; Great Atlantic & Pacific Tea Co. v. Harris, Tex. Civ.App., 75 S.W.2d 974, 975, pars. 1 and 2. We think such is the situation in this case.

The judgment of the trial court is reversed and the cause remanded.